# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**CHAD ANTHONY LOUIS FOWLER**                                                    **PLAINTIFF**
*ADC #656153*

**v.**                                    **No: 3:25-cv-00262-KGB-PSH**

**DUNEGOEN,** *et al.*                                                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Chad Anthony Louis Fowler filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 21, 2025, while incarcerated at the Arkansas Division of Correction's Grimes Unit (Doc. No. 2). Fowler was granted leave to proceed *in forma pauperis* ("IFP") and given the opportunity to file an amended complaint to

clarify his claims (Doc. No. 3).  He was cautioned that an amended complaint would render his original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed. *Id.* Fowler subsequently filed an amended complaint (Doc. No. 5).  The Court has screened Fowler's amended complaint and recommends that his claims be dismissed for failure to state a claim upon which relief may be granted, as further described below.

## I.  Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  . . .  Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim for relief that is

plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Fowler sues Lieutenant Dunegoen, APRN Aric Simmons, Nurse Katlyn Ladd, and Sergeant Rickey Herring, Jr. in their official capacities. Doc. No. 5 at 1-2. He alleges that ADC defendants Dunegoen and Herring failed to provide adequate security on October 24, 2025, which led to a physical altercation with another inmate, resulting in Fowler receiving injuries to his wrist. *Id.* at 6. Fowler further alleges that medical providers APRN Simmons and Nurse Ladd, as well as Dunegoen and Herring, were deliberately indifferent to his need for emergency medical treatment for his injured wrist. *Id.* at 6-8. He seeks money damages, to be released to ACC (Arkansas Community Correction) supervision,[1] and to have his wrist "fully restored to orbiting and deformities removed." *Id.* at 5. Fowler fails to

---

[1] According to the Arkansas Department of Correction's website, the ACC or Division of Community Correction "is responsible for adult parole, post-release supervision and probation supervision along with the operation of six facilities that are licensed residential treatment centers." *See https://doc.arkansas.gov/community-correction/about-us/*.

describe a viable claim for relief for the reasons described below.

***ADC Defendants Lieutenant Dunegoen and Sergeant Herring.*** Fowler sues defendants in their official capacities only. Doc. No. 5 at 2. His claims against ADC defendants Dunegoen and Herring for money damages are therefore barred by sovereign immunity. *Will v. Michigan Department of State Police, et al.*, 491 U.S. 58, 71 (1989)*; Nix v. Norman*, 879 F.2d 429, 431-432 (8th Cir. 1989). And Fowler has not requested any specific injunctive relief that can be provided by Dunegoen or Herring. *See Larson v. Kempker*, 414 F.3d 936, 939-40 (8th Cir. 2005) (the doctrine of sovereign immunity does not apply to a request for injunctive relief); 18 U.S.C. § 3626(a)(1) (the Prison Litigation Reform Act requires that injunctions with respect to prison conditions be narrowly tailored). Fowler's request to be released to the ACC is not available relief in a § 1983 lawsuit. If release from confinement is sought, the appropriate action is a federal habeas petition, pursuant to 28 U.S.C. § 2254, once the prisoner has exhausted his available remedies in state court. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 499 (1973). Furthermore, an inmate has no right to be paroled before he has served his sentence. *See Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 7 (1979); *Jackson v. Nixon*, 747 F.3d 537, 551 (8th Cir. 2014).

***Wellpath Defendants APRN Simmons & Nurse Ladd.*** Because Fowler sues Simmons and Ladd in their official capacities, his claims are the equivalent of claims

against their employer, Wellpath. *See Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (1993). To state a claim against Wellpath, Fowler would have had to plead that a Wellpath policy or custom was the driving force behind the violation of his rights. *Id.* Fowler alleges that Simmons and Ladd were deliberately indifferent to his serious medical needs, but he does not attribute their actions to a Wellpath policy or custom. *See* Doc. No. 5 at 6-8. Because he did not ascribe their actions to a Wellpath custom or policy, Fowler fails to state viable claims against defendants Simmons and Ladd, and those claims should be dismissed for failure to state a claim on which relief may be granted.

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1.      Fowler's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted; and

2.      Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g) for future jurists.

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 12th day of March, 2026.

_____
UNITED STATES MAGISTRATE JUDGE